## MILES v. METZGER DAIRIES, et al.
### No. 4933.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1935.

For former opinion, see 159 So. 129.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellant.

Jackson & Smith and Chas. L. Mayer, all of Shreveport, for appellees.

TALIAFERRO, Judge.

The facts and issues in this case are fully covered in our original opinion. 159 So. 129. We shall not repeat them in full herein.

Plaintiff, while standing beside a Buick car, with his left foot resting on the run-

ning board, reaching in to unlock the switch, was run into by the truck of the Metzger Dairies and injured. The right end of the front bumper of the truck pinned his leg against the running board of the Buick, resulting in a comminuted fracture of the right leg. The Buick car was resting against the east curb of Pierre avenue, in the city of Shreveport, facing north. The truck had been parked behind the Buick a distance variously estimated at from 10 to 25 feet. It was nearly 18 feet long. Its driver, after delivering some milk, started the motor and undertook to resume travel up the street, passing immediately back of the Buick's left rear wheel. Whether the truck had straightened out in the street and was parallel to the Buick, or whether it had not done so and was unavoidably struck by a light Ford roadster, driven by one Smith, approaching from the south, and driven against plaintiff's leg, is the pivotal question in the case. We held as follows: "* * * Just as the front of the truck got even with the rear fender of the Buick it was struck between the bumper and the left front wheel by the right front wheel of a Ford car coming from the rear."

We are now satisfied that this finding of fact is erroneous. If the truck had been rammed by the Smith car when the front end was even with the rear fender of the Buick, it would have been driven against the fender and not against the forward part of the Buick car, as was the case. If the truck's front end was opposite the Buick's left rear fender when the collision with the Smith car occurred, necessarily, as stated by some witnesses, the truck's rear end would have been near the curb, and, perforce, its position would have been at an angle of nearly 45 degrees to the curb.

Further consideration of the case convinces us that the truck had straightened out in the street, after pulling away from the curb, and that it was collided with by the Smith car, in order to avert a head-on collision with a car coming toward them from the north. In view of this conclusion, any negligence on the part of the truck driver in driving away from the curb ceases to be of any importance. It seems to us obvious that for the light Smith car, going at not more than 15 miles per hour, to have knocked the truck's front end against the Buick car at the place and in the manner as was done, it would have been necessary for the truck to be close to the Buick and parallel or nearly parallel thereto. We cannot conceive, as a physical possibility, that the light roadster could have sideswiped the truck in such way, if it was at an angle to it, to drive it forward and sidewise to cause the damage it did to the Buick. Smith says the truck ran into his car as he was passing it. If that had happened, his car, being much the lighter, would have been hurled to his left (west) and the truck would have likely followed it. The fact is that the right front end of the Smith car was enmeshed in some way with the left front part of the truck and remained so until after the accident.

For the reasons assigned, the judgment heretofore rendered by us herein is recalled, and the judgment appealed from is affirmed, with costs.

MILLS, J., dissents.